IOWA-DES MOINES NATIONAL BANK & TRUST COMPANY et al., Appellants, v. CITY OF DES MOINES et al., Appellees.

No. 44959.

November 14, 1939.

Clark, Byers & Garber, for appellants.

F. T. Van Liew and B. J. Flick, for appellees.

Mitchell, J.—There is no dispute as to the facts, they were stipulated.

The Iowa-Des Moines National Bank is a corporation organized under the laws of the United States, and engaged in the banking business in the city of Des Moines, Polk county, Iowa. It issued and sold to the Reconstruction Finance Corporation (hereafter referred to as the RFC) 35,000 shares of its preferred capital stock of the par value of $100 each, and received for same the sum of $3,500,000. That on December 31, 1936 and up to December 31, 1937, there remained outstanding of preferred capital stock issued and sold to the RFC, 17,500 shares of the par value of $1,750,000.

The preferred capital stock owned by the RFC was preferred as to earnings and assets of the bank in the payment of dividends, and for the full retirement of said stock at par, first, prior and paramount to the payment of any dividend or the retirement of any of the common capital stock of the bank, now hereafter issued.

The Iowa-Des Moines National Bank and Trust Company made up and filed with the assessor of the city of Des Moines, a statement of its assets and liabilities as required by Code section 6997 of the 1935 Code of Iowa.

Thereafter the assessor of the city of Des Moines, Iowa, on the 7th day of May, 1937, in ascertaining the value of the common capital stock of the Iowa-Des Moines National Bank and Trust Company, took the capital, $1,250,000 in common capital stock, and $1,750,000 in preferred capital stock, total $3,000,000, added thereto surplus $500,000, undivided profits $400,001, reserves $128,582, interest collected but not earned $85,496, total $4,114,079; deducted interest earned but not collected $116,870, net balance $3,997,209; then deducted less real estate $1,751,013, leaving a net balance of all the stock, both preferred and common, of $2,246,196, and then divided that amount by 30,000 representing the number of shares of the common and preferred stock, and arrived at the value, as he determined, of $74.873 per share, and then multiplied the 12,500 shares, being the number of shares of common capital stock, by the $74.873 per share, and arrived at the assessed value of the common capital stock of $935,912.

Thereafter the Iowa-Des Moines National Bank and Trust Company, and others, including the owners of common capital stock of the Iowa-Des Moines National Bank and Trust Company, filed a protest and objection to the city council of the city of Des Moines sitting as a board of review, as to the value determined by the assessor of the common capital stock of the Iowa-Des Moines National Bank and Trust Company, which protest was overruled and denied and said value confirmed.

· The bank within the time provided appealed to the district court, which entered a decree holding that the assessment made by the assessor was correct, and from that decree, the bank has appealed. The question that confronts us, is the determination of the assessable value of the common capital stock of the Iowa-Des Moines National Bank as of January 1, 1937.

The method of assessing the assets, property or wealth of corporations engaged in business in the state of Iowa is by assessing to the owner thereof the value of the shares of stock of the corporation owned by him. Code section 7008, 1935 Code. Code section 6998, 1935 Code, provides that shares of stock of National banks located in this state shall be assessed to the individual stockholders at the place where the bank is located. Code section 7001, Code of 1935, provides that the bank shall furnish a verified statement of all the matters provided in sec-

tion 6997 of the Code. Code section 7002, Code of 1935, provides for the deduction of the amount invested in real estate. Then Code section 7003, Code of 1935, provides as follows:

"The assessor from such statement shall fix the value of such stock based upon the capital, at the same ratio of assessed value to actual value as the assessed value of real estate in the taxing district where such bank is located generally bears to its actual value.

"The taxable value of such shares of stock shall be the assessed value and shall be taxed as moneys and credits. The provisions hereof shall become effective beginning with the assessment on the capital stock of all of said banks as of January 1, 1934. All surplus and undivided profits of such bank or trust company remaining after the deduction of its real estate, if any, as provided in section 7002 shall be taxed as moneys and credits * * * "

In compliance with Code section 7001, the Iowa-Des Moines National Bank submitted to the assessor a statement of its assets and liabilities and all other information required by law.

The following is the statement:

### Assets.

(1) Bills, notes, bonds, overdrafts, cash on hand..$30,790,157.23
(2) Cash subject to sight draft with solvent banks 10,779,531.88
(3) Value of real estate other than bank building. Stock of bank building company, Corporation stock, Personal Property, etc....... 2,037,324.07

TOTAL .............................$43,607,013.18

### Liabilities.

(1) Deposit Liability .........................$39,472,403.70
(2) Other liabilities, cashier's and certified checks, Borrowed money, Rediscounts, Owing Clearing House ............................... 234,608.31
(3) Surplus ................................. 500,000.00
(4) Undivided profits ........................ 400,001.17
(5) Preferred Capital ....................... 1,750,000.00
(6) Common Capital ......................... 1,250,000.00

TOTAL LIABILITIES INCLUDING STOCK......$43,607,013.18

VALUE OF SHARES AFTER DEDUCTING REAL ESTATE WHICH REAL ESTATE IS OTHERWISE TAXED.

The value of the preferred and common shares (stock) of the Bank for Assessment by the Assessor shows as follows:

| | |
|---|---:|
| Total Assets represented by outstanding shares, Preferred and Common.........$ | 3,000,000.00 |
| Surplus ............................... | 500,000.00 |
| Undivided Profits ...................... | 400,001.17 |
| | 3,900,001.17 |
| From which deduct the value of real estate as shown by the books of the Bank......... | 1,751,013.75 |
| | $ 2,148,987.42 |
| To which add Reserves ................... | 128,582.97 |
| Interest collected but not earned.......... | 85,496.84 |
| TOTAL ............................$ | 2,363,067.23 |
| Deduct interest earned but not collected.... | 116,870.87 |
| BALANCE ...........................$ | 2,246,196.36 |
| Value of preferred shares (stock) to be first paid for out of the assets of the Bank owned by RFC. ............................... | 1,750,000.00 |
| BALANCE VALUE OF COMMON Shares (stock) ..................$ | 496,196.36 |

The value of the common stock as shown by this statement was $496,196.36, and as there were 12,500 shares outstanding the value of each share of common stock was $39.695.

The assessor however arrived at the value of the common stock in the following manner:

| | |
|---|---:|
| Capital Stock ............................ | 3,000,000.00 |
| Surplus ................................. | 500,000.00 |
| Undivided Profits ........................ | 400,001.00 |
| Reserves ................................ | 128,582.00 |
| Interest collected not Earned ............. | 85,496.00 |
| | 4,114,079.00 |
| Less Interest Earned not Collected.......... | 116,870.00 |
| | 3,997,209.00 |
| Less Real Estate ........................ | 1,751,013.00 |
| | 2,246,196.00 |

$$\begin{array}{r}74.873\\ 30{,}000\overline{)2{,}246{,}196.00}\\ 2{,}100.00\end{array}$$

$$\begin{array}{r}146{,}196\\ 120{,}000\end{array}$$

$$\begin{array}{r}26{,}1960\\ 24{,}0000\end{array}$$

$$\begin{array}{r}2{,}19600\\ 2{,}10000\end{array}$$

$$\begin{array}{r}96000\\ 90000\end{array}$$

Value per share ........................ 74.873

Number Taxable Shares ................. 12,500

$$\begin{array}{r}37436{,}500\\ 149746\\ 74873\end{array}$$

Assessed Value ........................ 935,912

The assessor did not deduct the value of the preferred stock from the assets, but divided the entire amount by the total of the number of shares of preferred and common stock, and as there were 17,500 shares of preferred and 12,500 shares of common it made a total of 30,000, and by this method the assessor arrived at the value of each share of stock, which he ascertained as $74.873. In other words he fixes the value of the common and preferred stock at the same amount, although the preferred has a par value of $100 per share and it is conceded under this record that there is more than enough of assets to pay the preferred at its par value of $100.

As the preferred is owned by the RFC it is conceded that it is not taxable as long as it is owned by this government agency. The legislature has said that it is the value of the stock (sec. 7003, Code of 1935). No one in this case contends that $70 plus is the value of the preferred, it is of the value of $100 per share. No one contends that the common under

378

this record has a value of $70 plus, its value in the manner in which it should be figured is $39 plus. For there must be deducted from the assets, not $70 plus per share of preferred stock, but $100 per share preferred. For under the stipulated facts, the preferred is entitled to be paid at the rate of $100 per share, to wit, the par value, before anything is paid on the common, and it is conceded there are sufficient assets as shown by the statement furnished the assessor to pay in full the preferred.

In event the shares of capital (stock) issued and outstanding is of different issue, classification or denomination of par value, the value of each issue, class or denomination must be determined according to the rights vested in it with reference to the assets of the bank and its relationship to the other outstanding shares of capital (stock). If one issue, class or denomination of the stock is of the par value of $100 and another issue, class or denomination is of the par value of $50, the value of each share would be determined accordingly. If one class, issue or denomination of shares (stock) is preferred, that it has fixed and determined prior and preferred rights for its retirement from the assets of the bank plus earned dividends to the payment or retirement of the issue, class or denomination of shares of common capital, its value would be its par value and the amount of that value deducted from the remaining assets of the bank such net balance of the assets would be the value of the shares of common capital. This value might be less, it might be more, than par.

The fact, if it be a fact, that the preferred shares of capital (stock) are not taxable does not do away with the necessity of ascertaining the value of such stock and the deduction of the amount of such value so ascertained from the capital structure of the bank in the order above indicated.

The balance thus obtained is the value of the outstanding shares of common capital (stock) of the bank.

In this case the preferred shares issued and outstanding of the bank were owned by the RFC on December 31, 1936 and January 1, 1937 and were nontaxable. If these preferred shares had been owned by any other person or corporation than the RFC they would have been taxable to the owner thereof, as disclosed by the statement submitted by the bank to the assessor, and it would have been necessary for the assessor

to arrive at the value of such preferred shares (stock) and deduct the value arrived at from the assets of the bank in order to determine the value of the common shares (stock).

Irrespective of the ownership of the preferred shares (stock), it was necessary for the assessor to determine its value, separate and distinct from the value of the common shares (stock). The shares of preferred (stock) had a fixed value of $100 per share plus the earned dividends thereon, and the obligation of the bank was to pay or retire this stock at $100 per share. While the common shares (stock) had a par value its actual value conceivably could be more than par or less than par, as disclosed by the statement, but in no event can it be retired in whole or in part until the shares of preferred capital (stock) are retired in full.

The method used by the assessor in arriving at the value of the shares of capital (stock) of the bank gave no preference to the shares of preferred capital (stock). On the contrary, he determined that each share of preferred capital (stock) and each share of common capital (stock) was of equal value $74.873, notwithstanding the fact that the statement submitted disclosed that each share of preferred capital (stock) was of the value of $100 and each share of common capital (stock) of the value of $39.695.

If this was not the rule, it might be that the value arrived at by the assessor for the preferred stock would be twice its value. In fact in oral argument the distinguished counsel who presented this case for appellee admitted that there were certain banks in Des Moines, that using the method used by the assessor, the value of the preferred stock in those institutions was fixed at $200 to $250 per share, while it was conceded that the value was only $100 per share, that being the par value of the preferred. By this same method the value of the common stock was reduced below its actual value.

It is the value of the stock of the Iowa-Des Moines bank that the assessor must ascertain, and under this record the method he used is wrong. The value of the preferred stock is $100 per share and of the common, $39.695. It necessarily follows that this case must be and it is reversed.—Reversed.

OLIVER, C. J., and HAMILTON, HALE, BLISS, and MILLER, JJ., concur.